REEDER, appellant, v. SCHNEIDER *et al.*

*Specific performance — discharge of incumbrances.*

The plaintiff contracted to sell a farm to the defendant for $12,000, to be paid by the defendant's bond and mortgage thereon for $6,000, and the conveyance by the defendant to the plaintiff of two city lots. The farm was to be conveyed "free of incumbrance," and the deed to be delivered November 1, 1867. On that day the plaintiff did not perform or tender performance on his part, and the time was not extended. The title to the farm was then in a third person, who was not shown to be ready to convey it; and there were judgments and mortgages which were subsisting liens on the premises; although it was agreed between the parties that the holder of the incumbrances should, on the day the contract should be performed, satisfy them, and receive in place thereof the mortgage for $6,000 upon the farm, to be given by the purchaser. *Held*, that without a release or discharge of the incumbrances, the plaintiff could not insist upon a specific performance of the contract by the defendant.

APPEAL from a judgment in favor of defendants dismissing the complaint in an action tried by the court without a jury.

This action was for the specific performance of or damages for the breach of a contract in writing, made on the 16th day of October, 1871, between the plaintiff, Gilbert T. Reeder, and Charles G. Schneider, one of the defendants, for the sale by the plaintiff of his farm in Westchester county to Schneider for $12,000, to be paid by Schneider's bond and mortgage on the farm for $6,000, and the conveyance by Schneider to the plaintiff of two lots of land in the city of New York, subject to a $9,000 mortgage. The farm was to be conveyed free of incumbrance, and the deed to be delivered on November 1, 1871. The evidence on the trial, which was had before Mr. Justice MULLEN, without a jury, was quite conflicting. The learned justice below found, first, the execution of the contract as above stated; second, that at the time specified for the delivery of the deeds, the plaintiff did not perform or tender performance of the contract on his part; third, that on the said 1st of November, 1871, there were judgments to the amount of $3,457.49, which were a lien on the farm; fourth and fifth, that the title to the farm was in one Mrs. Shirley, and it was not shown that she was ready to convey it, or had authorized any one to act for her in the matter. The complaint was dismissed, and from the defendant's judgment for such dismissal, is this appeal.

The plaintiff's version of the transaction was that the time for the delivery of the deeds was extended, by consent, to complete the abstract of title to the defendant's lots, and that the plaintiff had ready to be delivered to the plaintiff, a release of all incumbrances, save those which it was understood by all the parties were to be taken up by the delivery of the defendant's mortgage to the creditors. The fourth and fifth findings above were corrected by findings at the request of the plaintiff, that the title was in one Dubois, and not in Mrs. Shirley.

*Edward T. Bartlett*, for appellant. The judge below was mistaken in his opinion that " to entitle the plaintiff to maintain an action of damages for breach of the contract for the exchange of lands, or for a specific performance of it, the plaintiff must aver and prove either actual performance or specific performance on his own part." He fails to recognize the exceptions. Fry on Spec. Perform., § 619; *Hubbell* v. *Von Schoening*, 49 N. Y. 331; *More* v. *Smedburgh*, 8 Paige, 600; *Spencer* v. *Spencer*, 11 id. 302; *Viele* v. *Troy & Boston R. R. Co.*, 20 N. Y. 184; *Reformed Protestant Church* v. *Mott*, 7 Paige, 77. The incumbrances were but formal, as all the parties had arranged for them by agreement.

*Nicholas Quackenbos*, for respondents, cited *Hinckley* v. *Smith*, 51 N. Y. 21; *Sherman* v. *Wright*, 49 id. 231; *Peters* v. *Delaplaine*, id. 367; *St. John* v. *Benedict*, 6 Johns. Ch. 117; *First National Bank of Ballston* v. *Insurance Co. of North America*, 50 N. Y. 43; 32 Barb. 194; *Union Bank of Sandusky* v. *Torrey*, 2 Abb. 268.

LAWRENCE, J. The learned justice before whom this cause was tried at special term has found, as matter of fact, that on the 1st day of November, 1871 (the time specified in the contract for the delivery of the deeds), the plaintiff did not perform the contract on his part, nor did he tender a performance. Also, that on the 1st of November, 1871, there were judgments against the plaintiff in Westchester county, to the amount of $3,451.49, which said judgments were unsatisfied of record, and a lien on the farm which the plaintiff had contracted to convey to the defendant, Charles G. Schneider.

Also, it was agreed between the parties that William F. Shirley, who was the owner of the Van Tassell and Crasto, and Lynch

and Bell mortgages, was, on the day the contract should be actually performed, to satisfy said mortgages, and the Ibbotson judgment of $800, and receive in the place thereof the mortgage of $6,000, to be executed in pursuance of the terms of the contract, on the Westchester property, and that the Building Material Company judgment of $2,651, and the Bell judgment of $779.18, against the plaintiff, were released to the defendant, Charles G. Schneider, as liens on said Westchester property, the said releases having been duly executed prior to November 1, 1871, and ready for delivery on that day. He also finds that the title to said Westchester property was on the 1st day of November, 1871, in one Samuel P. Dubois, and that on the 11th day of February, 1872, it became vested in Caroline C. Shirley. He refused to find that the time for performing the contract was extended by mutual consent of the parties.

We have looked into the evidence contained in the printed case, and see no reason for reversing the conclusion reached by the justice on these points.

The evidence as to the extension of the time of performance was directly conflicting, and there is therefore no ground for interfering with the finding.

The plaintiff not having been in readiness to perform on the day specified in the contract, and there having been no extension by the defendant, it is difficult to see on what ground a specific performance of the contract can be claimed. It will be observed, that while releases of the judgment of the Building Material Company and of Bell had been actually obtained, and were ready for delivery to Schneider on the 1st of November, the mortgages of Van Tassel and Crasto, and of Lynch and Bell, and also the Ibbotson judgment, remained subsisting and unsatisfied liens on the property on the 1st of November, and that as to these latter, it was agreed between the parties that Shirley, who owned them, was, on the day the contract should be performed, to satisfy them, and receive in place thereof the mortgage of $6,000 on the Westchester property.

We cannot, under these circumstances, distinguish this case from the recent case of *Hinckley* v. *Smith*, 51 N. Y. 21, decided by the commission of appeals. In that case the plaintiff had contracted to sell certain premises to the defendant, "free of incumbrances," for $2,500, which sum the defendant agreed to pay — $500 when

the deed was delivered, and to give her bond and mortgage for the balance. The premises were incumbered by mortgage to the amount of $3,000, and remained so incumbered at the time of the trial of the suit for specific performance.

The plaintiff tendered a deed at the time specified in the contract. The defendant had, prior to that time, written that she could not make the payment as agreed, and that she declined to take the premises. It was proved by the plaintiff that he had verbally arranged with the holders of the mortgages that they should take the mortgage to be given by the defendant and release their mortgages.

The complaint having been dismissed, it was held on appeal that there was no error and that a tender of a deed, without releases of mortgages, was not an offer to perform the contract, and that the notice by the defendant of her intention not to perform did not relieve the plaintiff from the necessity of having the mortgages discharged before a specific performance could be adjudged.

The mortgages held by Shirley never were released to the defendant, nor in any way discharged, and without such release or discharge the case just quoted clearly shows that the plaintiff could not insist on a specific performance. As to the various exceptions taken by the plaintiff to the findings of fact, it seems sufficient to say that the first, second and third findings are supported by evidence given upon the trial. That the fourth and fifth findings are corrected by the sixth and seventh findings in the requests of the plaintiff, and that each and every of the refusals to find as requested are supported by some evidence given on the trial.

The evidence of the witness, Fluellen, in the view which we have taken of this case, even if improperly received, could not, in any way, prejudice the plaintiff, it being confined simply to the value of the Westchester property.

The judgment below is therefore affirmed, with costs to the respondents.

DAVIS, P. J., and DANIELS, J., concurred.

*Judgment affirmed.*